IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GLEN JONES, | § | |
| | § | No. 72, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2204011641 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 20, 2023
Decided: April 24, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1)  The appellant, Glen Jones, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jones's opening brief that his appeal is without merit.  We agree and affirm.

(2)  On May 16, 2022, Jones pleaded guilty to third-degree burglary.  The Superior Court immediately sentenced Jones to three years of Level V incarceration, suspended for one year of Level III probation.  Jones did not appeal.

(3) On May 24, 2022, Jones was arrested on an administrative warrant for violating his probation. After a hearing on July 22, 2022, the Superior Court found that Jones had violated his probation. The Superior Court sentenced Jones to two years and nine months of Level V incarceration, suspended after completion of a Level V program within the Department of Correction's discretion for one year of Level III GPS supervision.

(4) On January 25, 2023, a capias issued for Jones's VOP. The capias was returned on February 1, 2023. The VOP report alleged that Jones had removed his GPS anklet without permission and absconded from supervision. After a hearing on February 9, 2023, the Superior Court found that Jones had violated his probation. The Superior Court sentenced Jones to two years and two months of Level V incarceration suspended after one year for decreasing levels of supervision. This appeal followed.

(5) In his opening brief, Jones does not dispute that he violated his probation or challenge his VOP sentence. Instead, he contends that the Superior Court failed to provide him with an appropriate order to appeal and that his counsel was ineffective for advising him to file his own notice of appeal. It is manifest on the face of Jones's opening brief that his appeal is without merit.

(6) Even if the Superior Court did not provide Jones with a copy of the VOP sentencing order to appeal as he suggests, he was present for the VOP hearing

and filed a timely appeal. Supreme Court Rule 26(l) provides that VOP counsel satisfies his continuing obligation if he advises his client, in writing, of any right to appeal, whether VOP counsel will continue representation on appeal, and that if the client wishes to appeal, he must file a notice of appeal within thirty days. With his notice of appeal, Jones included his VOP counsel's written statement advising him of his right to appeal, that VOP counsel would not pursue an appeal on his behalf, and that he had thirty days to file a notice of appeal. VOP counsel was not ineffective for advising Jones to file his own notice of appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:
*/s/ Gary F. Traynor*
Justice